Case 1:17-cv-00168-LEK-KSC   Document 1   Filed 04/13/17   Page 1 of 4   PageID #: 1

LUNSFORD DOLE PHILLIPS #4407
7 Waterfront Plaza, Suite 400
500 Ala Moana Blvd.
Honolulu, Hawaii 96813
Tel: (808)543-2055; Fax (808)543-2010
lunsfordp001@hawaii.rr.com
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RANDAL CHUNFAT<br>　　Plaintiff,<br><br>　　vs.<br><br>TARGET CORPORATION<br>　　and<br>TARGET ENTERPRISE, INC.<br>　　Defendants | CIVIL NO.<br><br>COMPLAINT;<br>SUMMONS |

COMPLAINT

Plaintiff RANDAL CHUNFAT, through his undersigned counsel, avers and alleges:

1. This Court has original jurisdiction under 28 U.S.C. § 1331 because a federal question is raised herein, namely the alleged violation of the Americans With Disabilities Act of 1990 (hereinafter "ADA"), 42 U.S.C. §§ 12101 et seq., and has pendant jurisdiction over the parallel state law claim.

2. Venue lies in this Court because all events material hereto occurred within the District of Hawaii.

3. Plaintiff CHUNFAT ["Plaintiff"] was and is a person with a disability being substantially limited in his mobility, a physical condition that qualifies him as disabled under federal and state law.

4. Defendant TARGET CORPORATION and Defendant TARGET ENTERPRISE, NC. ["Defendants"] do business in Hawaii as foreign for profit corporations, registered with the State of Hawaii Dept. of Commerce and Consumer Affairs' Business Registration Division as being engaged in the retail sales and general business. Defendants are a public accommodation, operating a place of public accommodation at 391 E. Makala Street in Hilo, County of Hawaii.

## FACTS

5. On February 3, 2017, the plaintiff was shopping at the defendants' store with his niece.

6. Plaintiff was assisted by his service animal, an American Pit Bull.

7. Plaintiff has owned his service animal for seven years, and he does not go anywhere without it.

8. Plaintiff's service animal performs numerous tasks to facilitate his daily life: rising from the seated position, ambulating on his two artificial hips, and taking his medication on time.

9. A store employee of one or both defendants believed to be named "Candice" stopped the plaintiff and told him that his dog was not allowed in the store.

10. Plaintiff explained that his dog was a service animal. But "Candice" insisted it was not a service animal because it was a pit bull, and according to her pit bulls are not allowed to be service animals.

11. Plaintiff informed "Candice" that she was incorrect and reiterated that his dog was a qualified service animal.

12. "Candice" repeated her order for the plaintiff to take his dog out of the store immediately and to never return to the store with it.

13. Plaintiff and his niece then asked to speak to the store manager, and "Candice" responded that she was a manager. So the plaintiff asked to speak to her superior whom "Candice" called to deal with the situation before she walked away.

14. Her superior believed to be named "Travis McMahel" arrived, and the plaintiff related what had happened.

15. Plaintiff requested "McMahel" bring "Candice" back so he could correct her.

16. "McMahel" stated that he could not because she was busy with other customers. Plaintiff indicated he would wait until she was free. Then "McMahel" indicated that he was not going to bring "Candice" back to speak with them. The two men had an extended discussion of service animals, the law, the store policy, and how "Candice" had handled the situation.

## CAUSES OF ACTION

17. Plaintiff brings a cause of action pursuant to 42 U.S.C. § 12182(a) and 42 U.S.C. § 12182(a)(2)(A)(ii) based on the defendants' denying him full and equal enjoyment of their goods, services, and facilities because of his disability for which he is benefitted by the use of a service animal. Defendants refused to make the reasonable modification to their apparent "no pets" policy by permitting the plaintiff's service animal in the store.

18. Plaintiff brings a cause of action pursuant to Hawaii Revised Statutes § 489-3 based on the defendants' denying him full and equal enjoyment of their goods, services, and facilities because of his disability for which he is benefitted by use of a service animal. Defendants refused to permit his service animal to be in their store.

## RELIEF SOUGHT

19. Plaintiff seeks both legal and equitable relief.

20. Pursuant to 42 U.S.C. § 12188(a)(1) the plaintiff seeks an injunction requiring the defendants to train their employees interacting with the public as part of their job duties on the correct protocol for service animals.

21. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(2) the plaintiff seeks an injunction requiring the defendants to train their employees interacting with the public as part of their job duties on the correct protocol for service animals.

22. Pursuant to Hawaii Revised Statutes § 489-7.5(a)(1) the plaintiff seeks damages three times the amount of damages to be shown at trial.

23. Pursuant to 42 U.S.C. § 12205 the plaintiff seeks all his reasonable attorney's fees and litigation costs.

24. Pursuant to Hawaii Revised Statutes §489-7.5(a)(1) the plaintiff seeks all reasonable attorney's fee and costs of litigation.

25. Plaintiff requests any and all further relief the Court deems justified by the evidence adduced.

DATED: Honolulu, Hawaii, April 10, 2017

/s/ LUNSFORD DOLE PHILLIPS
    Attorney for Plaintiff